No. 13-15889

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

SETH ABRAHAMS,

Plaintiff, Counter-Defendant, and Appellant,

v.

HARD DRIVE PRODUCTIONS, INC.,

Defendant, Counter-Claimant, and Appellee.

Appeal from the United States District Court
Northern District of California

D.C. No. 3:12-cv-01006-JCS

The Honorable Joseph C. Spero

## REPLY BRIEF OF APPELLANT SETH ABRAHAMS

Aaron K. McClellan - 197185
amcclellan@mpbf.com
Steven W. Yuen - 230768
syuen@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530Tel:   (415) 788-1900
Fax:   (415) 393-8087
Attorneys for Plaintiff, Counter-Defendant, and Appellant
SETH ABRAHAM

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ........................................................................... i

TABLE OF AUTHORITIES ..................................................................... ii

I.    INTRODUCTION ........................................................................... 1

II.   ARGUMENT .................................................................................. 1

    A.    Mr. Abrahams Does Not Dispute He Alleged a Sole Cause of Action for Declaratory Relief of Noninfringement of Copyright, But This Was Not His Only Claim ..................................................... 1

    B.    Hard Drive's Claims of Purported Procedural Infirmities Do Not Divest the District Court of Subject Matter Jurisdiction ............ 3

    C.    Hard Drive's Reliance on *Ashcroft v. Iqbal* is Misplaced and Shows the District Court Clearly Erred by Not Accepting as True the Facts Pled in Mr. Abrahams's Complaint ........................... 4

    D.    Hard Drive's Reliance on Fraudulent Pleading Standards is Again,  Misplaced, as it is Unrelated to the Existence of Federal Question Subject Matter Jurisdiction ................................................. 5

    E.    Hard Drive's Argument that the Public Disclosure Bar Divests the District Court of Subject Matter Jurisdiction is Inapplicable as the Facts Supporting the Fraud Were Never Publicly Disclosed, and Mr. Abrahams, Through His Agent, Was the Original Source .................................................................................... 7

III.  CONCLUSION ............................................................................... 8

CERTIFICATE OF COMPLIANCE ................................................... 10

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                <u>Page</u>

*Ashcroft v. Iqbal*
   (2009) 556 U.S. 662 ...................................................................................4, 5

*Curtiss-Wright Corp. v. General Elec. Co.*
   (1980) 446 U.S. 1 .............................................................................................2

*Graham County Soil & Water Conservation District v. U.S. Ex Rel.
Karen T. Wilson*
   (2010) 559 U.S. 280 ...........................................................................................7

*Swierkiewicz v. Sorema N.A.*
   (2002) 534 U.S. 506 ...........................................................................................5

*Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*
   (2000) 529 U.S. 765 ...........................................................................................3

*Walling v. Beverly Enterprises*
   (9th Cir. 1973) 476 F.2d 393 ..............................................................................6

   <u>Statutes</u>

28 United States Code
   § 1331 ................................................................................................................3
   § 3729 ...........................................................................................................1, 3

31 United States Code
   § 3730 ................................................................................................................3
   § 3730(a)...........................................................................................................4
   § 3730(b)(1).......................................................................................................2
   § 3730(e)(4)(A)..................................................................................................7

**TABLE OF AUTHORITIES**
**(CONTINUED)**

<u>Rules</u>                                                                                      <u>Page</u>

Federal Rule of Civil Procedure

  8(a)(2) ................................................................................................ 5

  9(b) ................................................................................................... 5, 6

  12(b) ...................................................................................................... 6

  12(e) ...................................................................................................... 6

  54(b) .................................................................................................. 2, 4

# I.    INTRODUCTION

Appellee Hard Drive Productions, Inc. (hereafter "Hard Drive") ignores the facts pled in appellant Seth Abrahams's complaint which gave fair notice to Hard Drive of a federal qui tam claim which it denied in its answer.  In its response brief, Hard Drive throws a veritable kitchen sink of purported procedural infirmities with Mr. Abrahams's complaint.  None of Hard Drive's arguments, however, fail to support its position that the district court lacked federal question subject matter jurisdiction on Mr. Abrahams's qui tam claim arising under 31 U.S.C. section 3729 et seq.  Accordingly, based on the district court's clear error, Mr. Abrahams's respectfully requests this court to reverse the district court's judgment of dismissal based on the purported lack of subject matter jurisdiction.

# II.    ARGUMENT

## A.    Mr. Abrahams Does Not Dispute He Alleged a Sole Cause of Action for Declaratory Relief of Noninfringement of Copyright, But This Was Not His Only Claim

Hard Drive places heavy emphasis on the statements made in Mr. Abrahams's motion for judgment on the pleadings when he requested "the court to grant his motion for judgment on the pleadings as to **his sole cause** of action for **non-infringement**…"  (Response at 6 & 11; and ER1 at 059:15-18.) Hard Drive is correct.  Mr. Abrahams did not allege multiple causes of action for declaratory relief of non-infringement of copyright—he alleged only one instance

- 1 -

of it.  (ER1 at 059:15-18.)  For this claim, he respectfully requested the court to grant his motion for judgment on the pleadings.  (ER1 at 059:22-23.)

Hard Drive fails to cite to any evidence in the record that Mr. Abrahams moved for judgment on the pleadings as to his qui tam claim which was still pending.  Indeed, Federal Rule of Civil Procedure 54(b) expressly provides that "[w]hen an action presents more than one claim for relief—whether as a claim …, the court may direct entry of a final judgment as to one or more, but fewer than all, claims … only if the court expressly determines that there is no just reason for delay.  (See also *Curtiss-Wright Corp. v. General Elec. Co.* (1980) 446 U.S. 1, 7.)

Here, while Mr. Abrahams was agreeable to the dismissal of his qui tam claim if the court granted his motion for judgment on the pleadings as to his claim for declaratory relief of noninfringement, his agreement did not divest the court of federal question subject matter jurisdiction.  Moreover, despite Mr. Abrahams's agreement, he still needed to first obtain the written consent of the Attorney General.   (See 28 U.S.C. § 3730(b)(1).)   If consent was not forthcoming, Mr. Abrahams would have proceeded with the prosecution of the claim, and complied with the procedural requirements once his declaratory relief claim was no longer pending.

**B.     Hard Drive's Claims of Purported Procedural Infirmities Do Not Divest the District Court of Subject Matter Jurisdiction**

Hard Drive's apparent argument that a district court is divested of federal question subject matter jurisdiction based on purported procedural deficiencies in pleading a cause of action for qui tam is unsupported as it failed to cite any authority to support its unfounded argument.  (Response at 12-13.)   To the contrary, a pleading of a qui tam claim demonstrates injury in fact so as to establish Article III standing, and federal question subject matter jurisdiction. (*Vermont Agency of Natural Resources v. U.S. ex rel. Stevens* (2000) 529 U.S. 765, 771 & 787.)   Mr. Abrahams's prayer "[f]or such other and further relief as the court deems just and proper" under 28 U.S.C. section 1331 establishes the Article III injury in fact standing, and federal question subject matter jurisdiction.  (EOR2 at 311:15-16 & 324:1.)

First, the procedural requirements stated in the federal statute for qui tam claims appear to contemplate a complaint alleging only a single cause of action for false claims.  (See 28 U.S.C. § 3730—"A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government.")  Section 3730 makes no mention of hybrid actions—where a plaintiff asserts personal claims on his own behalf, and on behalf of the federal government.  Indeed in hybrid actions, it makes

- 3 -

no sense to comply with the procedural requirements, because the government has the option to prosecute the qui tam only, and not any claim that belongs solely to a private plaintiff. (28 U.S.C. § 3730(a).)

Here, if the court had granted Mr. Abrahams's motion, he could have moved for judgment per Federal Rule of Civil Procedure 54(b) on his personal claim, and dismissed his qui tam claim once he obtained the attorney general's written consent. (EOR1 at 27:6-9.) Alternatively, he could have chosen to continue the prosecution of the sole remaining qui tam claim, at which point in time, he would have complied with the procedural requirements on the sole remaining qui tam claim. None of these procedural infirmities, however, deprive the district court of federal question subject matter jurisdiction.

**C.    Hard Drive's Reliance on *Ashcroft v. Iqbal* is Misplaced and Shows the District Court Clearly Erred by Not Accepting as True the Facts Pled in Mr. Abrahams's Complaint**

Hard Drive's reliance on *Ashcroft v. Iqbal* (2009) 556 U.S. 662 for the holding that the complaint must state facts that are plausible is inapplicable. (Response at 11-12.) Even if applicable, the *Ashcroft* case supports Mr. Abrahams's position that the district court clearly erred by not accepting as true the facts pled in the complaint. In *Ashcraft*, the Supreme Court simply reiterated the rule that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, **accepted as true**, to "state a claim to relief that is

**plausible** on its face." (*Id.*, at 678, emphasis added.)   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (*Id.*)

Most importantly, the *Ashcroft* decision did not supersede the Supreme Court's prior holding that "a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" (*Swierkiewicz v. Sorema N.A.* (2002) 534 U.S. 506, 512 citing Fed. R. Civ. P. 8(a)(2).)

Here, Mr. Abrahams pled sufficient facts, which the district court was mandated to accept as true, before dismissing his case.  (See *Ashcroft*, 556 U.S. at 678.)  The record shows, however, the court did not accept the facts as true, but instead, discounted the facts pled in the complaint.  (ER1 at 010:26-28.)  This was clear error.

**D.     Hard Drive's Reliance on Fraudulent Pleading Standards is Again, Misplaced, as it is Unrelated to the Existence of Federal Question Subject Matter Jurisdiction**

Hard Drive appears to argue that because the facts pled in Mr. Abrahams's complaint do not allege the specificity required of fraud claims under Federal Rule of Civil Procedure 9(b), no federal question subject matter jurisdiction exists.  Not surprisingly, Hard Drive again cites no authority to support this argument, because such authority does not exist.

First, Hard Drive clearly ignores the specific facts Mr. Abrahams pled in paragraphs 20 to 23 of his complaint.  (ER2 at 313:7-18.)  Such facts clearly suffice, because "[r]ule 9(b) does not require nor make legitimate the pleading of detailed evidentiary matter."  (*Walling v. Beverly Enterprises* (9th Cir. 1973) 476 F.2d 393, 397, citation omitted.)  "Nor does Rule 9(b) require any particularity in connection with an averment of intent, knowledge or condition of the mind." (*Id.*)  "It only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  (*Id.*, citations omitted.)  Notably, the specificity requirement stated in rule 9(b) has no relationship to the existence of federal question subject matter jurisdiction which was the sole grounds for the district court's dismissal of the action.  (ER1 at 010:26-28.)

Second, if Hard Drive felt the qui tams claims were not pled with specificity, it had a remedy; it could have moved to dismiss the claim.  (See Fed. R. Civ. P. 12(b) & (e).)  For example, Hard Drive could have moved for a more definite statement, based on its present position that the facts pled were so vague or ambiguous that it could not have reasonably prepared a response.  (See Fed. R. Civ. P. 12(e).)  Such a motion, however, "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." (Id.)  Here, Hard Drive chose not to make such a motion, but instead chose to

answer the complaint. (ER1 at 123:3-124:2 & 154-165.) As such, it waived and

forfeited any such defenses.

**E. Hard Drive's Argument that the Public Disclosure Bar Divests the District Court of Subject Matter Jurisdiction is Inapplicable as the Facts Supporting the Fraud Were Never Publicly Disclosed, and Mr. Abrahams, Through His Agent, Was the Original Source**

31 U.S.C. section 3730(4)(A) provides in relevant part:

The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed—

(i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;

(ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or

(iii) from the news media,

unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

The case of *Graham County Soil & Water Conservation District v. U.S. Ex Rel. Karen T. Wilson* (2010) 559 U.S. 280, 300 applies. In *Graham*, the Supreme Court held "[t]he statutory touchstone … is whether the **allegations of fraud have been 'public[ly] disclos[ed]**[.]" (*Id.*, emphasis added.)

Here, Hard Drive's fraud was never publicly disclosed. Instead, Hard Drive mistakenly comingles the publicly disclosed facts that it named 118 Does as

- 7 -

defendants in its now dismissed complaint along with the fact it used geolocation technology to trace the location of each Doe Defendant to a point of origin within the state of California. (EOR1 at 13:6-8; and EOR2 at 313:7-10.)

Hard Drive, however, skips over the point that Mr. Abrahams's qui tam claim rests on his original private investigation that Hard Drive's public statement it had geolocated each defendant to being located within California **was false**. On the face of Hard Drive's prior complaint, no publicly disclosed facts show this statement is false. Indeed, the only manner in which Mr. Abrahams learned this statement was false was through its own original private investigation. (EOR1 at 13:6-8.) It would be simplicity itself for Hard Drive to cite to any filed court document, or any public record showing the fraud it had perpetrated upon the courts that it's statement it had geolocated defendants to within California was false. Yet, nowhere in its response, nor in the record exists any such publicly available document or information. Accordingly, the public disclosure bar did not divest the district court of subject matter jurisdiction, assuming it ever based its ruling on this ground, which it did not.

### III.   CONCLUSION

Based on all the information stated herein, Mr. Abrahams respectfully requests this court to reverse the district court's erroneous order dismissing the action for lack of subject matter jurisdiction.

DATED:  September 23, 2013

MURPHY, PEARSON, BRADLEY & FEENEY


/s/ Steven W. Yuen

By: _____
Steven W. Yuen
Attorneys for Plaintiff, Counter-Defendant,
and Appellant
SETH ABRAHAMS

**CERTIFICATE OF COMPLIANCE**

I certify that pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, the attached reply brief is proportionately spaced, has a typeface of 14 points or more and contains 2,015 words (excluding words found in the corporate disclosure statement, table of contents, table of citations, statement with respect to oral argument, any addendum containing statutes, rules or regulations, and any certificate of compliance) as counted by the Microsoft Word 2007 computer program used to prepare this brief.

DATED:  September 23, 2013

MURPHY, PEARSON, BRADLEY & FEENEY

/s/ Steven W. Yuen

By: _____
       Steven W. Yuen
       Attorneys for Plaintiff, Counter-Defendant,
       and Appellant
       SETH ABRAHAMS

## CERTIFICATE OF SERVICE

I, Steven W. Yuen, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On September 23, 2013, I served the following document(s) on the parties in the within action:

### REPLY BRIEF OF APPELLANT SETH ABRAHAMS

| | |
|---|---|
| XX | **BY ECF**: I attached and submitted the above-described document(s) to the ECF system for filing. |

Karl S. Kronenberger            Attorneys for Defendant, Counter-
Jeffrey M. Rosenfeld            Claimant, and Appellee
Virginia A. Sanderson          HARD DRIVE PRODUCTIONS, INC.
150 Post Street, Suite 520
San Francisco, CA  94108

I declare under penalty of perjury under the laws of the United States of America the foregoing is a true and correct statement, and this certificate was executed on September 23, 2013.

/s/ Steven W. Yuen

By: _____

Steven W. Yuen